### No. 472

No. 20319—The Community Discount and Mortgage Co. et al. v. Adolph Joseph. Error to the Court of Appeals of Logan county.

997. REAL ESTATE—305. Conveyances— 787. Mortgages—191. Burden of Proof—1. An assumption agreement of grantee in a conveyance to pay off a mortgage on the real estate, may be rescinded before accepted, adopted or operated on in faith thereof.

2. An answer of grantee setting up the rescission, states a good defense, and burden is on mortgagee to plead and prove such acceptance or adoption or action on faith of the same.

MATTHIAS, J.

1. A contract in a conveyance of real estate whereby the grantee assumes and agrees to pay the mortgage indebtedness thereon may be rescinded and the grantee released therefrom by the mortgagor before the mortgagee has accepted or adopted said contract or acted on the faith thereof.

2. An answer of a grantee setting up the rescission of such contract made in good faith and for a valid consideration states a complete defense, and the burden is upon the mortgagee to plead and prove prior acceptance or adoption of such assumption contract, or action by him on the faith thereof.

Judgment affirmed.

Day, Allen, Kinkade, Robinson and Jones, JJ., concur.

---

### No. 473

No. 20315—Morris F. Luff v. State of Ohio. Error to the Court of Appeals of Cuyahoga county .

148. BILLS OF EXCEPTION—85. Appeals —291. Constitutional Law—1. Time for filing in all criminal cases under 13680 GC. (amend. 110 OL. 301) is limited to 30 days from overruling motion for a new trial.

2. The proviso in that section as to preparing, signing and allowance has no relation to time of filing.

3. The second paragraph of that section is constitutional.

4. An appeal from a judgment of conviction is not a matter of absolute right independent of statutes therefor, and its allowance is in discretion of the State, and may be granted on

the terms and conditions deemed proper by the legislature.

MARSHALL, C. J.

1. Section 13680, General Code, as amended April 5, 1923, 110 O. L. 301, limits the time for filing a bill of exceptions in all criminal cases without exception to thirty days from the date of the overruling of the motion for a new trial.

2. The proviso in that section relates solely to the procedure whereby a bill of exceptions is prepared, signed and allowed and has no relation to the time of filing the same.

3. The second paragraph of section 13680, General Code, as amended April 5, 1923, is not a violation of section 28 of article 2 of the Ohio Constitution.

4. Due process of law involves only the essential rights of notice, hearing or opportunity to be heard before a competent tribunal. An appeal fro ma judgment of conviction is not a matter of absolute right independently of constitutional or statutory provisions allowing such appeal. It is wholly within the discretion of the state to allow or not to allow such a review and may be granted on such terms and conditions as to the legislature seems proper.

Cause dismissed.

Allen, Kinkade, Jones and Matthias, JJ., concur.